the next case is number two two one three eight three Gerardo a Portillo versus the United States Department of Homeland Security at this time when attorney Klein please introduce yourself on the record to begin good morning your honors attorney Jennifer Klein for mr. Portillo with your permission I'd like to reserve two minutes for rebuttal thank you because mr. Portillo and the fundamental analytic approach to this case the only issue in dispute is whether the Massachusetts defense of defacing a firearm is overbroad it's our contention that it is to determine the definition of firearm for the defacing a firearm statute you have to follow a slight statutory trail we start with chapter 269 section 11a of the Massachusetts Code which tells us that for the defacing a firearm statute we look to yet another statute chapter 140 section 121 section 121 defines a firearm based on certain specifications of the functioning and the structure of the weapon but with no reference to the age of the weapon the definition of itself the definition itself does not make any mention of when a weapon was manufactured the government looks to the final sentence of section 121 to say that this is an antique like an antique exception to the definition however this isn't an exception to the definition it's simply a licensing provision it tells us that certain licensing laws under Massachusetts law don't apply to antique firearms in fact this sentence assumes that antique firearms are firearms within the definition otherwise this would be first this last sentence of 121 would be superfluous the legislature could have written the definition to say firearms are these specifications but not antique firearms and if it had written it that way the licensing provision would be unnecessary because you wouldn't need a license if an antique weapon wasn't a firearm but because it is a firearm within the definition of 140 section 121 but Jefferson is looking at a different statute Jefferson is looking at the way this last licensing provision interacts with the criminal statute prohibiting carrying a firearm without a license and what it holds is that you can't be prosecuted for carrying a firearm without a license in a situation where a license isn't necessary Jefferson doesn't tell us that the licensing provisions should be read into all criminal statutes it's not a general exception for conduct involving antique firearms the SJC in Jefferson simply reads two statutes in concert to avoid an absurd result it avoids a person being sent to jail for not having a license in a situation where a license is unnecessary unlike in Jefferson there's no tension between the defacing a firearm statute at issue here and that last licensing provision in section 121 nothing about defacing a firearm relates to licensing you can be convicted of defacing a firearm whether you had a license for that firearm or not and so because there is no contradiction because defacing a firearm is wholly unrelated to licensing you do not need to read that licensing provision into the defacing a firearm statute and therefore there is no antique firearm exception to the definition or to the statutory or case law authority to support the argument that defacing a firearm is overbroad turns to what they call common sense and argues that the state cases under Massachusetts law presume that defacing a firearm has a serial number and that since antique firearms don't necessarily have serial numbers it can't mean that an antique firearm is covered but this isn't what the state case law says the state of the state cases looking at the offense of defacing a firearm I simply say that where there is indicia that a serial number existed any slight alteration or marking is criminalized at its core the government's common-sense argument about amounts to a suggestion that this offense of defacing an antique firearm won't be prosecuted very frequently but that's not how this court has said the categorical approach applies it's not about the frequency of enforcement if the statute is overbroad on its face as the defacing a firearm statute is then it is not a categorical match for the generic definition of firearm under the federal ground of deportability if if we find that section 11 C is at least ambiguous and I understand that that is not what you're arguing I'm not holding you to that do you agree that you are required to identify an actual case where Massachusetts has applied 11 C I was under this court's precedent I would say that yes if a statute is ambiguous there is one does need to find an actual case under DeGraca or swabby but I would suggest that just suggest that Jefferson is that case in Jefferson itself the firearm in question was an antique and it did have a serial number in Jefferson the defendant wasn't charged with defacing a firearm but the fact that it was antique and he was being prosecuted might be sufficient to show that Massachusetts does in fact punish firearms aside from Jefferson do you have another case I don't your honor because the offense of defacing a firearm is facially overbroad under this court's precedent there is no actual case requirement the Second Circuit and the Fourth Circuit have agreed in specific in cases specifically looking at antique firearms questions and have said that where a firearm statute is overbroad there is no case requirement your honor it's our country found any prosecutions from any other jurisdictions that have statutes similar to this one I have not found a defacing a firearm a specifically defacing a firearm in both Williams and Gordon of the Fourth Circuit Williams out of the second they are looking at different firearm statutes where an antique firearm is where there there are it's prohibited from doing certain whether it's carrying or transporting firearms and because their statute is overbroad they have not applied the realistic probability test and required an actual case if your honors have no further questions I would submit that defacing a firearm is not overbroad it is overbroad there is no antique firearm exception and therefore we would ask you to vacate mr. Portillo's removal order and remand with instructions to terminate his proceedings thank you good morning your honors may it please the court Alexander Lutz for the government your honors opposing counsel conceded just now and I think this position is clear this this property is clear in the court's case law as well that if the statutes reach is unclear the realistic probability test and the settling that statutes reach that's the issue in this case this case doesn't call on the court well isn't the first issue whether the statutes clear I think so your honor yes but my point is just that we don't have to definitively determine whether or not it embrace it whether this firearm statute embraces antiques we have to determine is whether there's enough lack of clarity as your honor asks that it was reasonable for the board to ask for an actual case and I draw this court's attention to its own precedent on the realistic probability test because it shows what kind of clarity you need you need something affirmative that shows that the statute really does reach the overbroad conduct that the petitioner proposes in white well could you skip the first step and tell us why you think it's not sure your honor the petitioner is arguing here based on a silent statute this statute just doesn't reference antiques one way or another so we need to look at where the statute is getting its definition of firearm from section 11a takes the definition of firearm out of the licensing code that definition of firearm by its own terms only applies to licensing statutes section 11a takes that definition out of the licensing code and applies it in the criminal context to the serial number defacement statute under which mr. Portillo was convicted so the question is when 11a in the criminal code overrides the firearms definitions own textual limits imported into the criminal code does it bring this antique exception with it the statute is completely silent on that point so it was reasonable for the board in this case to say mr. Portillo just show us some case any case even your own case in which the statute actually has been applied to an antique firearm and to return to judge Monaco those case I would point out or judge my call those question I would point out this statute doesn't have the kind of affirmative indicia of overbreadth that would make that realistic probability test that actual case requirement unreasonable or unfair in white the question was whether Connecticut assault could be committed without violent force meaning force capable of causing physical injury the model jury instruction said the law doesn't require that the injury be serious it can be minor in swabby the question was whether Rhode Island drug schedules reach substances that weren't federally controlled the schedules explicitly listed phenyl fentanyl which is not controlled in the graca the question was whether Rhode Island unauthorized vehicle use could be committed without a de minimis taking the Rhode Island Supreme Court had misdemeanor joyriding there was something affirmative in those cases in draca there was an actual case in fact from the state Supreme Court that showed the statutes reach extended to the type of overbroad conduct the non-citizen had proposed here what we've got is a completely silent statute the statute applies to firearms the question is whether it fits federal firearms the only challenge here to that categorical match is mr. Portillo saying what if it antiques which is a narrow class of firearms that's a gun that's more than a hundred and fifteen years old or a replica of one of those guns that can't fire modern ammunitions this is a small category that's mr. Patios more mr. Portillo's only contention against the statute categorically matching federal firearms law where the statute is silent and we don't have that type of express indicium of overbreadth that we had in white swab your de graca it was if if that's your theory just show us a case that proves that and make another point about this court's jurisprudence on the realistic probability test one other thing this court has been concerned with is fairness there's some situations where you have a statute that has those affirmative indicia of overbreadth like I indicated and if you apply the realistic probability test to a statute like that that you know you can point to something that shows it's overbroad if you still apply the realistic probability test what you're basically forcing the non-citizen to dig up some documents that might or might not exist even if the statute does apply over broadly that was one of this court's points in de graca for example this court in de graca said you know it would be normal if even if this unauthorized vehicle taking statute applied to de minimis takings like joyriding it would be normal for there not to be a record of that for the petitioner to be able to point to because it's a small state and those are really petty crimes that same line of that same point runs through a couple of this court's other decisions I think in white the this court pointed out prosecutions in Connecticut for assault apparently not generated available records so there was a fairness concern there right I mean this was in those cases the statute there was an affirmative indicium of overbreadth and there was a real question as to whether the type of case that the petitioner would need to show to meet the realistic probability test would exist at all that's not what we've got here we have as I mentioned before a facially silent statute and we've got a ton of firearms prosecutions in Massachusetts in fact as I pointed out in the brief there are 72 cases on Westlaw that just cite this particular serial number defacement statute I read all of them none of them indicate the firearm at issue there was antiques and I'd also note that that statute appears to get charged in tandem with other firearms offenses so you often see a defendant charged with possession of a firearm without a license under section 10 of the criminal code and in tandem with having a firearm from which the serial number was removed under section 11 B or C under the criminal code and that's actually what happened here to Mr. Portillo pled and was convicted of unlawfully possessing a firearm without a license and having a firearm with a defaced serial number so my point in all this is that these types of cases are generating records and if there were a case out there where someone had gotten licensing and possession offense overturned because the weapon was an antique but an associated serial number defacement charge were not overturned I mean we would expect to see that this case with the volume of litigation firearms crimes generate doesn't produce the same unfairness problem that we see in white Suave and Agraka I mean that same line by the way runs through the extra circuit cases cited in the petitioners briefs in which the realistic probability test is specifically been applied to the antique firearms exception you know in Williams and Jack and Gordon these second and fourth circuit cases there were affirmative indicia of overbreadth in Gordon the statute said any firearm not a firearm in Jack and Williams the two second cases there wasn't a dispute about whether the antique firearms carved out under state law applied like there is here that's the question here there was clear it applied and it was also clear that the scope of the exception was different from the federal exception so there was a clear addition of a mismatch again we don't have that here another point I would make is that this is a specific example of the realistic probability test that the Supreme Court has noted to be important and I'm drawing the court's attention there to Moncrief now Moncrief wasn't about firearms it was about controlled substances but that was a seminal case on the question of whether an exception in federal law was relevant for the categorical approach in that case it was a federal Controlled Substances Act and there's an exception under there for misdemeanor possession of a small amount of marijuana and the government said well that's an exception that doesn't change the scope of the federal statute to which we compare a state offense under the categorical approach and the carve-out does actually change how the category the categorical approach applies one argument the Solicitor General made against that point against that conclusion was that if the court were to go that route if the court were to say and a federal exception changes how the categorical approach operates any state that had a firearms law that didn't have an antique exception or had an antique exception that's slightly different from the federal antiques exception wouldn't support sentencing enhancements or immigration charges it wouldn't these state firearm offenses wouldn't match up with federal firearms law and that would be a pretty anomalous result in the Supreme Court said well the realistic probability test will take care of that. Do you agree if if we were to find that the statute is overbroad then for TO there's no requirement that that we find an actual case? If the statute is spatially overbroad then yes under White, Swabee, and DeGraca you don't need an actual case but I think those cases are really important to look at for how you find overbreadth. If the statute is unclear that is the space in which the realistic probability test operates the whole point of that test is that it's a backstop where a petitioner proposes a mode of overbreadth that just isn't clear so you really do need something affirmative like in White, Swabee, and DeGraca. One final point that we didn't say that right I I know I mean I think your point is well taken I think those are clear easier cases shall we say based on the language of the statute that issue. I'm sorry your honor could you you didn't say what was that? We didn't say well let me back up in DeGraca or in Swabee those statutes that had language differences right right on the face right one had yeah I guess what I'm getting at is I don't I don't know how those cases cast light on the you know whether a statute is unclear or ambiguous in with the statute we have here the language of the statute here is silent however if you if you if you move to the other subsections that we there are cross-references that that we have to look at I think we have clear language there so I guess I wonder what you make of to get back you know to go back to the original question yeah yeah I hear you your honor I think that the state law is unclear because you know as opposing counsel points out it's clearer in the licensing context right if there is a crime that you can't commit as to a licensed firearm you know those licensing statutes that contain this antique exception certainly are more relevant there but I don't think it tells us very much that the licensing statutes aren't explicitly cross-referenced by 11c a license doesn't allows you to carry so it makes sense that the carrying statute references licensing license doesn't allow you to remove the serial number from firearms so it's not surprising that we don't see an explicit cross-reference from the licensing statute into the serial number statute that doesn't tell us much about whether this statute actually does reach antique firearms as the petitioner argues the other thing I point out we sort of step through this in the brief is if you take a look at what antique firearms are and what this statute requires there's a real reason to think the statute doesn't apply this way I mean we're talking about hundred-year-old guns made before it was even required to put a serial number on you could have a gun where the serial numbers just worn off and the petitioner buys that knows it's been worn off and then they're presumed to have defaced the serial number from it I mean in Commonwealth versus Pacheco Massachusetts court said it's presumed a firearm has a serial number on it when it's manufactured that's not true for antiques in other case Commonwealth versus Conte the Commonwealth was not required to prove the firearm had traces of a serial number or some other signs of defacement so you know when I hear defaced serial number I just in my head I think a pistol that someone scratched the number off but that's not required here that's not the full reach of the your previous to last statement are you saying that you could craft a defense to an 11c charge saying that it's an antique firearm like in Jefferson but in Jefferson it was a section 10 licensing violation so are you saying that you could I think a creative attorney could do it I don't think it would be as clear as in Jefferson but my point is just we don't know there's no case showing how the courts would rule on that and that uncertainty is the space in which the realistic probability test is designed to operate unless there are any further questions one last thing yeah sure yeah of course thank you so this issue with the requirement that the serial number be in firearms that that law came into effect in 1968 yes however the prohibition to obliterate or or remove serial numbers was passed in 1937 doesn't that show that the Massachusetts legislature had a concern regarding the facing of firearms before it was even a requirement it might your honor again we don't have a case to tell us I would also point out that the antiques provision goes back to 1934 so when Massachusetts wrote this statute in 1937 it was against the backdrop of law that always provided separate treatment for antiques so maybe Massachusetts always thought antiques were something to be treated separately and that was in the mind of the legislature when they wrote the serial number defacement statute in 37 again we don't know so it was reasonable for the board to ask for a case thank you thank you your honors at this time when attorney Klein reintroduced herself on the record she's a two-minute rebuttal attorney Jennifer Klein for mr. Portillo your honors I would say a few things in response to my the licensing provision is not an exception to the definition of the firearm it simply tells us that some firearms don't need licenses it doesn't change how the state defines what a firearm is second council suggests that there are no cases with defacing a firearm where there's been an antique where the offense the weapon is an antique but if it doesn't matter whether the of the firearm is antique or not antique to to violate the statute then it's not something that would necessarily need to be discussed in the facts of a case it is a firearm under the definition and it is alleged that it's been defaced third the as judge Crenshaw Cole starts to point out this defacing a firearm statute came into existence in 1937 if the courts presume that defacing a serial number only applies to firearms with serial numbers there's a world of firearms manufactured between 1937 and 1968 that will not have firearms nowhere does it suggest I'm sorry that does not have serial numbers nowhere does anybody suggest that those would not be that firearms that had been manufactured with a serial number between 1937 and 1968 would not be prosecuted for defacing a firearm and finally to address Moncrieff since Moncrieff the Supreme Court has issued numerous decisions where when a statute is facially overbroad they have not required the realistic probability test and an actual case this court's own precedent as we've discussed has done the same as have Williams and Gordon in the second and fourth thank you your honors thank you